## GEORGIA RAILWAY AND ELECTRIC COMPANY *v.* CARROLL.

EVANS, P. J. 1. It is the duty of the judge to make the record speak the truth. If by inadvertence the court approves his charge to the jury, and afterwards discovers a palpable clerical mistake made in its transcription, he may and should correct such mistake.

2. After the plaintiff in a suit against an electric railway company has shown that he was injured by the running of one of the defendant's cars, a presumption arises that the defendant was negligent as charged in the plaintiff's petition. *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin,* 127 *Ga.* 120 (56 S. E. 254); *Cordray* v. *Savannah &c. Ry.,* 117 *Ga.* 464 (43 S. E. 755). In such a case it is not error requiring a new trial for the court to state, in his instructions to the jury, the plaintiff's contentions respecting the defendant's negligence as alleged in the petition, though as to one of the specific acts thus alleged the defendant has introduced evidence to disprove the same and the plaintiff has not offered counter-evidence.

3. The instruction relative to the duty imposed by law to exercise ordinary care to avoid the consequences of another's negligence was in accord with the principle enunciated in *W. & A. R. R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802), and followed in subsequent cases.

4. Civil Code (1910) § 2687, providing that "all engine-drivers and conductors must cause the trains which they drive and conduct to come to a full stop within fifty feet of the place of crossing" where the tracks

of separate and independent railroads cross each other, does not apply to an intersection by a street-railroad track of a commercial railroad track. *Georgia Railway & Electric Co.* v. *Joiner,* 120 *Ga.* 905 (48 S. E. 336).

5. The damages recoverable for permanent injuries to the person should compensate the injured one for the loss of money which he would probably earn had not the injuries occurred. *R. & D. R. Co.* v. *Allison,* 86 *Ga.* 145 (12 S. E. 352, 11 L. R. A. 43). The plaintiff alleged that his injuries were permanent, and testimony was received tending to show that a part of his foot was amputated, and that since his injury he had been promoted by his employer to a superior and more remunerative position, which he accepted but was forced to relinquish within a few days, because of his injuries. There was no error in charging: "You may take into consideration, if there is any evidence to that effect, too, a reasonable prospect of increased earnings on the part of the plaintiff." See *Central of Georgia Ry. Co.* v. *Perkerson,* 112 *Ga.* 923 (38 S. E. 365, 53 L. R. A. 210), and *Georgia Southern Ry. Co.* v. *Wright,* 130 *Ga.* 696 (61 S. E. 718).

6. Assignments of error not here specifically noticed are without merit. The evidence authorized the verdict, and the court did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 10, 1915.

Action for damages. Before Judge Ellis. Fulton superior court. December 13, 1913.

*Colquitt & Conyers,* for plaintiff in error.

*Little, Powell, Hooper & Goldstein* and *Hewlett, Dennis & Whitman,* contra.