*W. O. Wilson,* contra.

---

## 6579.   WRIGHTSVILLE & TENNILLE RAILROAD COMPANY *v.* FLOYD.

WADE, J.  1. "A traveler upon a public highway, in approaching a rail-
road crossing, is bound to exercise ordinary care and diligence for his
own safety; yet, though he may not observe that amount of care and
diligence which would be exercised under like circumstances by an
ordinarily prudent person, he is not necessarily precluded from recov-
ering for injuries to his person, received on the crossing, if, after
it is apparent that the engineer of the company is disobeying the pro-
visions of section [2675] of the Civil Code [1910], he then exercises
ordinary care and diligence in endeavoring to escape the consequences
of the company's negligence."  *Louisville & Nashville Railroad Co.* v.
*Hames,* 135 *Ga.* 67 (3), 70 (68 S. E. 805).
2. Upon the trial of a suit against a railroad company for personal in-

juries to the plaintiff it was not error for the trial judge to charge the jury that "if the plaintiff and the .agent are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him," and in the same breath say that "if the injured party could have avoided the injury by ordinary care, or if the negligence of the injured party was equal to or greater than that of the defendant's employees, the plaintiff would not be entitled to recover." This charge was not subject to criticism as being confusing and misleading, but, on the contrary, was modeled after the form suggested in *Americus &c. Railroad Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105), and the court's qualification of section 2781 of the Civil Code is that contained in section 4426 of the Civil Code. These two sections are in pari materia. *Southern Railway Co.* v. *Nichols*, 135 *Ga.* 11 (68 S. E. 789).

3. No actual loss arising from the negligence of the defendant was shown by the evidence, but there was some testimony tending to show that the plaintiff endured physical pain and suffering brought about as a result of the negligence of the defendant company, the consequences of which negligence he was unable to avoid after its discovery by him.

4. The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED JANUARY 10, 1916.

Action for damages; from city court of Eatonton—Judge Neese. April 7, 1915.

*Daley & Daley, Roberts & Smith,* for plaintiff in error.

*Persons & Persons,* contra.