## 16773. ATLANTIC COAST LINE RAILROAD COMPANY *v.* ANDERSON.

1. Under the evidence, the jury were authorized to find the defendant liable.
2. Evidence that the plaintiff had no education or profession was relevant and admissible for the purpose of showing that in his efforts to earn money he would be restricted to manual labor, and thus of illustrating a diminution of his earning capacity as a result of the injury to his hand.
3. The petition contained enough, by the allegations expressly made and by those implied, to admit evidence of the plaintiff's age and life-expectancy. His age being proved, and it appearing from the evidence that his injury is permanent, and the evidence tending to show also that it will result in permanent pain and suffering, the court properly admitted in evidence the mortality tables "to aid the jury in dealing with the element of time in their computation of the damages."
4. But there being no evidence of the extent of the plaintiff's loss because of diminished earning capacity, it was error to charge the jury that they were authorized to consider the mortality tables "in computing what amount, if any, the plaintiff is entitled to recover for diminished capacity to labor and earn money." Other charges submitting to the jury the question of the plaintiff's right to recover damages for such cause were also erroneous, as being unauthorized by the evidence.
5. The court charged the jury as follows: "If you should find, from the evidence, that both the plaintiff and the defendant were negligent in causing the injury to the plaintiff, if he was injured as alleged, and that the plaintiff could not have avoided the injury by the exercise of ordinary care on his part, and should further find, from the evidence, that the negligence of the defendant was greater than that of the plaintiff, you would be authorized to find for the plaintiff; but it would be your duty in that event to diminish the damages found for the plaintiff in proportion to the default or negligence attributed to him." *Held:* This instruction was not erroneous as contravening the rule laid down in *Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), nor did it

---

Damages, 17 C. J. p. 1037, n. 79; p. 1066, n. 17.
Evidence, 22 C. J. p. 161, n. 67; p. 925, n. 23.
Master and Servant, 39 C. J. p. 1247, n. 77; p. 1249, n. 86.
Negligence, 29 Cyc. p. 652, n. 12; p. 657, n. 54.
New Trial, 29 Cyc. p. 786, n. 87; p. 790, n. 10.

eliminate or exclude the defense that the plaintiff's injury was brought about by his own carelessness, amounting to a failure to exercise ordinary care.

6. The court erred, however, under the pleadings and the evidence, in not charging the jury that if the plaintiff's injury was brought about by his own carelessness amounting to a failure to exercise ordinary care, he could not recover.

7. No other error appears. For the reasons pointed out in headnotes 4 and 6, and in the corresponding divisions of the opinion, the court erred in overruling the defendant's motion for a new trial.

DECIDED APRIL 20, 1926.

Damages; from Ware superior court—Judge Reed. July 25, 1925.

J. O. Anderson brought suit against the Atlantic Coast Line Railroad Company to recover $2500 as damages for a personal injury which he sustained while employed in the defendant's shops at Waycross, and which resulted in the loss of the middle finger of his right hand, and by the allegations of his petition made the following case: He was employed as a mechanic's helper to operate a certain machine propelled by electricity. On the day of his injury the machine "broke down, or at least the current was cut off," and it stopped running. His duties as a helper "required him to clean the machine while it was stopped and not running." As "petitioner was carrying out his duties in cleaning off the machine by rubbing off crude oil and other accumulated matter . . thereon, . . the electrician who was in control of all of the current in said shops . . then and there without notice to petitioner shot the current on to said machine, which put the same in motion, wherein and whereby said machine with its rollers and cogs caught petitioner's hand, and wherein and whereby his middle finger on his right hand was completely cut off, and his hand and other fingers lacerated, cut, and torn." The electrician knew where the plaintiff was working and had knowledge of the position he occupied. The act of the electrician in starting the machine without giving the plaintiff notice or warning was negligent, and this negligence was the cause of the injury. Plaintiff was earning $3.76 per day, and, as a result of his confinement from the injury thirty-five days, lost from his daily labor the sum of $131.60, "and in addition thereto he suffered and continued to suffer for a longer period of time great physical pain and mental anguish." By the loss of his finger and the injury to his hand, "his earning capacity

as a laborer has been decreased and diminished in at least one third of his earning." He "is uneducated and has no profession, calling, or vocation, but is dependent entirely upon his physical manual labor for support." He is "maimed" and "disfigured," and "will remain so the remaining portion of his natural life," and for this cause he is also entitled to damages. The plaintiff himself was not negligent and could not have avoided the injury by ordinary care. There was no specific averment as to the plaintiff's age or life-expectancy.

The defendant filed an answer in which it denied substantially all the allegations of the petition and averred affirmatively that the plaintiff could have avoided the consequences of the defendant's alleged negligence by ordinary care, and that whatever injury he may have received was due entirely to his own negligence. The answer recited that it was made subject to demurrer previously filed, but there is nothing else in the record as to any demurrer.

The trial resulted in a verdict for the plaintiff for $1131.60. The defendant's motion for a new trial was overruled, and it excepted.

*Wilson, Bennett & Pedrick, Bennet, Twitty & Reese,* for plaintiff in error.

*James R. Thomas & Son,* contra.

BELL, J. (After stating the facts as above.) 1. It will serve no useful purpose to discuss the sufficiency of the evidence. We have examined the evidence carefully, and are satisfied that under it the jury were authorized to find the defendant liable.

2. The defendant complains in the first ground of the amendment to the motion for a new trial that the court erred in allowing the plaintiff to testify that he had no education or profession. The evidence was objected to as being irrelevant and immaterial to any issue in the case, and prejudicial. We do not think there was any error in the court's ruling. It might possibly be upheld merely upon the theory that the plaintiff was entitled to prove the allegations of his petition. "Testimony is admissible which tends to prove a fact alleged in the petition, irrespective of whether, when admitted, it tends to establish a right to recover or not." *Tifton Ry. Co.* v. *Butler,* 4 *Ga. App.* 191 (4 *d*). See also *Fleming* v. *Roberts,* 114 *Ga.* 634 (3) (40 S. E. 792) ; *Mayor &c. of Macon* v. *Melton,* 115 *Ga.* 153 (2) (41 S. E. 499). But regardless of

whether this rule of practice is applicable, the testimony was admissible for the purpose of showing that the plaintiff, in his efforts to earn money, would be restricted to manual labor, and thus was illustrative of the diminution of his earning capacity as a result of the injury to his hand. See *L. & N. R. Co.* v. *Smith,* 136 *Ga.* 455 (1) (71 S. E. 774); *M., D. & S. R. Co.* v. *Musgrove,* 145 *Ga.* 647 (2) (89 S. E. 767).

3. In the second special ground of the motion for a new trial it is alleged that the court erred in admitting in evidence the mortality tables as contained in 70 *Ga.* 845, because, as objected at the time, the petition contained no allegation that would authorize such evidence, and there was not sufficient evidence of decreased earnings or of decreased earning capacity by reason of the injury. The plaintiff sought to recover damages not only for actual lost time and for the loss which he would sustain in the future as a result of diminished earning capacity, but also for pain and suffering, including that to which he would be subjected during life, through consciousness of the disfigured member; and, the plaintiff having testified to his age at the time of the injury, and it appearing from the evidence that the injury was received as alleged and was permanent, the mortality tables were admissible in evidence, although the petition contained no direct averment either as to the plaintiff's age or as to his life-expectancy, and although there may have been no evidence of the extent of the diminution of his earning capacity. In the absence of demurrer, the petition contained enough, by the allegations expressly made and by those implied, to admit evidence as to the plaintiff's age and expectancy. See *Cook* v. *Winter,* 68 *Ga.* 259 (1); *N., C. & St. L. R. Co.* v. *Miller,* 120 *Ga.* 453 (4) (47 S. E. 959); *Bell* v. *State Life Ins. Co. of Indianapolis,* 24 *Ga. App.* 497 (5) (101 S. E. 541); *Atlanta Street R. Co.* v. *Jacobs,* 88 *Ga.* 647 (1) (15 S. E. 825). And when there is evidence tending to show that the injury is permanent and that it will result in permanent pain and suffering, the mortality tables are admissible in evidence, in connection with proof of the injured person's age, "to aid the jury in dealing with the element of time in their computation of the damages" to be allowed for the pain and suffering, notwithstanding there may be no sufficient proof of lost future earnings. *Southern Ry. Co.* v. *Wright,* 6 *Ga. App.* 172 (4) (64 S. E. 703);

*Powell* v. *Augusta &c. R. Co.,* 77 *Ga.* 192 (10) (3 S. E. 757) ; *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (8) (36 S. E. 830) ; *Pidcock* v. *West,* 24 *Ga. App.* 785 (4) (102 S. E. 360). In *Southern Ry. Co.* v. *Wright,* supra, Judge Russell compared the decisions in *M., D. & S. R. Co.* v. *Moore,* 99 *Ga.* 229 (25 S. E. 460), and *Atlanta, Knoxville &c. R. Co.* v. *Gardner,* 122 *Ga.* 82 (10) (49 S. E. 818), with the earlier *Powell* case, supra, and concluded that the *Powell* case was controlling upon the identical question that is now again up for decision. If the plaintiff had altogether omitted from his suit any claim for damages for the loss of future earnings, he would not on that account have been prevented from relying upon the mortality tables for the purpose of showing the probable duration of his pain and suffering, his age being proved; and it follows that he is not to be denied the right to use such evidence merely because he may not have submitted evidence to authorize a recovery of the other element of damages sued for. It seems there should be some sort of evidence of expectancy before there could be a recovery for any permanent cause relating to a personal injury. *Savannah &c. Ry.* v. *Stewart,* 71 *Ga.* 427 (1).

4. In other grounds of the motion the defendant assigns error on certain excerpts from the court's charge, submitting the question of the plaintiff's right to recover for the alleged loss of earnings as the result of his diminished earning capacity, and instructing the jury that they might, if they wished to do so, refer to the mortality tables "in computing what amount, if anything, the plaintiff is entitled to recover for diminished capacity to labor and earn money." The exceptions are that there was no evidence to warrant such instructions. Save the proof as to the nature of the injury, which amounted finally to the loss only of a finger, but which was still "tender" at the time of the trial, the following testimony by the plaintiff was all the evidence upon the question of future loss by reason of permanently diminished earning capacity : "I went back to work as soon as the doctor at the hospital told me to. I was earning forty-seven cents an hour, and $3.76 a day . . I worked for the Coast Line after that. I worked about three months. I guess two or three months after that. I am now working in Lake City, Florida, as a drug clerk. I had never suffered any injury to that hand before. . . I am not a druggist, only a clerk. When I went back to work [for the de-

fendant] I took the same job. . . I' was paid the same wages as before. . . I can not perform the same kind of manual labor that I could before this injury. As a result of my hand being in its condition, my earning capacity has been diminished. Before the injury, I hadn't done nothing except I farmed, and then I drug clerked. I can not do the work even in the drug-store I could before. It bothers me in wrapping packages and everything. I haven't any education or profession, my labor is all that I have to depend upon for a livelihood. My hand won't allow me to perform the same kind of work that I did prior to the reception of this injury. I can't use it to do any heavy work at all."

If, with the circumstances touching the nature and extent of his injury, he had given all the facts in relation to his previous and subsequent ability to labor, he might then have testified to what in his opinion was the percentage of the decrease, if any, in his capacity to earn money. *Cook* v. *Winter,* 68 *Ga.* 259 (2) ; *Central Railroad* v. *Coggin,* 73 *Ga.* 689 (5) ; *City Electric Ry. Co.* v. *Smith,* 121 *Ga.* 663 (4) (49 S. E. 724) ; *Atlanta & W. P. R. Co.* v. *Haralson,* 133 *Ga.* 231 (1) (65 S. E. 437). But irrespective of whether such opinion would have helped the particular case (see *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (3), 128 S. E. 812), the plaintiff failed to testify what he made as a drug clerk, and did not otherwise show, either directly or circumstantially, how much less he would earn because of the injury. See *Southern Ry. Co.* v. *Petway,* 7 *Ga. App.* 659 (2) (67 S. E. 886). In the *Haralson* case, supra, the Supreme Court said : "If a plaintiff seeks to recover for pecuniary losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery." The recovery should be such as to compensate for the loss of money which the plaintiff would probably have earned had the injury not occurred. *Georgia Ry. & El. Co.* v. *Carroll,* 143 *Ga.* 93 (5) (84 S. E. 434). The measure of recovery for pain and suffering is to be determined, of course, by the enlightened consciences of impartial jurors. But before the jury can legitimately render a verdict for the other kind of damage referred to, they should have in evidence some data upon which to base it. They should not be left to mere guess or conjecture, and unless there is ground in the evidence for more than this, the question of the plaintiff's right to

recover such damage ought not to be submitted in charge. *City Council of Augusta* v. *Owens*, 111 Ga. 464 (9) (36 S. E. 830). There was no sufficient evidence in the instant case to warrant the court in giving the excerpts complained of, and to give them was reversible error. Upon this point the case seems to be controlled by the decision of this court in *Rome Ry. & Light Co.* v. *Duke*, 26 Ga. App. 52 (105 S. E. 386). We have held in the preceding division that the mortality tables were admissible in evidence; but the court's charge in reference thereto was too broad, under the evidence.

5. The court charged the jury as follows: "If you should find, from the evidence, that both the plaintiff and the defendant were negligent in causing the injury to the plaintiff, if he was injured as alleged, and that the plaintiff could not have avoided the injury by the exercise of ordinary care on his part, and should further find, from the evidence, that the negligence of the defendant was greater than that of the plaintiff, you would be authorized to find for the plaintiff; but it would be your duty in that event to diminish the damages found for the plaintiff in proportion to the default or negligence attributed to him." It is alleged that this charge was error, because: (1) it gave the substance of §§ 2781 and 4426 of the code without proper explanation as to the different classes of cases to which the principles of law stated in these sections, involving separate and distinct defenses, are applicable; (2) it authorized a verdict for the plaintiff, although the jury may have found that the plaintiff's injury was brought about by his own carelessness amounting to a failure to exercise ordinary care; and (3) it eliminated the defense that the injury was brought about by the negligence of the plaintiff amounting to a want of ordinary care.

The machine at which the plaintiff was injured was propelled by electricity. If the electrician applied the current without notice or warning when notice or warning ought to have been given, the consequences came literally with the swiftness of lightning, and the plaintiff was injured before he could or should have apprehended the defendant's negligence. The provisions of the Civil Code (1910), § 4426, placed no duty upon the plaintiff of exercising ordinary care to avoid the consequences of the other party's negligence until it was existing, and was either apparent or should

have been apprehended. *Western & Atl. R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802) ; *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 417 (91 S. E. 517). If the judge, by the reference to the duty of ordinary care on the part of the plaintiff, had in mind the ordinary care which is required by the terms of the Civil Code (1910), § 4426, there would seemingly have been error at least in the judge's concept, because the principles expressed in this section were not applicable under the evidence. *Georgia, F. & A. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (6) (61 S. E. 505) ; *Savannah El. Co.* v. *Lackens,* 12 *Ga. App.* 765 (2) (79 S. E. 53). But if error existed as just supposed, it would have been against the plaintiff and not the defendant.

As to the complaint number 1 that the charge erroneously combined the principles of §§ 2781 and 4426 without proper explanation as to the different classes of cases (or defenses) to which these principles are applicable,—a contention evidently founded upon the ruling in *Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), and followed in numerous later adjudications,—we are of the opinion the instructions were in substantial accord with the law as enunciated in that case, and that they were not subject to the exception just referred to. *Southern Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (4) (68 S. E. 789) ; *Central of Ga. Ry. Co.* v. *Brown,* 138 *Ga.* 107 (3) (74 S. E. 839) ; *Louisville & N. R. Co.* v. *Stafford,* 146 *Ga.* 206, 208 (91 S. E. 29) ; *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 417 (91 S. E. 517). Charges very similar to that now under consideration have been upheld as against like criticisms by defendants. See *Brunswick &c. R. Co.* v. *Gibson,* 97 *Ga.* 489 (1) (25 S. E. 484) ; *Wrightsville &c. R. Co.* v. *Gornto,* 129 *Ga.* 204 (8) (58 S. E. 769) ; *Western & Atl. R. Co.* v. *Davis,* 139 *Ga.* 493 (2) (77 S. E. 576) ; *Wrightsville &c. R. Co.* v. *Floyd,* 17 *Ga. App.* 461 (2) (87 S. E. 688).

As to the second and third assignments, which are in essence the same, we think these are also without merit. While it is true that the defense that the plaintiff's injury was caused by his own negligence or was brought about by his own carelessness amounting to a failure to exercise ordinary care, as authorized by §§ 2781, 2782, and 2783, is separate and distinct from that allowable under § 4426, the three former sections treating "of an active plaintiff who himself caused the injury," and the latter section dealing "with a

plaintiff who may have been passive and may therefore not have caused, but might have avoided, the injury" (*Macon & B. Ry. Co. v. Anderson,* 121 *Ga.* 666 (1) (49 S. E. 791)) and while the language of the excerpt complained of might seem to follow more closely the wording of § 4426, it was sufficiently general in scope not to *exclude* the defense that the plaintiff was "actively" negligent to the extent of causing his injury. This conclusion would seem necessarily to follow from a comparison of the charge now under review with the statement of the Supreme Court in the *Luckie* case, supra, as to what would be sufficient to meet the requirements both of § 2781 and § 4426. The subsequent enactment of the provisions now contained in §§ 2782 and 2783 (see Ga. L. 1909, p. 160) does not affect the matter in principle. The court did not err as alleged in charging the jury as shown at the beginning of this division.

6. Another contention made in the motion for a new trial is that the court erred in failing to instruct the jury that if the plaintiff brought about his injury by his own carelessness amounting to a failure to exercise ordinary care for his own safety, he would not be entitled to recover. This assignment, in effect, complains that the court did not submit the question of whether, under the evidence, the plaintiff should be treated as "an active plaintiff who caused the injury," within the meaning of §§ 2781, 2782, 2783. The defense here alluded to was directly involved under the pleadings and the evidence, and it was the duty of the court to give the jury a proper charge thereon. They were instructed, as shown above, that the plaintiff *would be entitled to recover* if he and the defendant were both negligent and the plaintiff was less negligent than the defendant, and if the plaintiff could not have avoided the injury by ordinary care. The only instructions given which stated anything like the *converse* of these propositions, —that is, which informed the jury as to the conditions under which the plaintiff *should not recover,*—were as follows: "If you should find from the evidence submitted that the defendant's employees committed the acts of negligence alleged in plaintiff's petition, and you should further find that the plaintiff, by the exercise of ordinary care for his own safety, could have avoided the consequences of the alleged acts of negligence on the part of the defendant, you should render a verdict in favor of the defendant com-

pany. If you should find it to be true, from the evidence submitted, that the employees of the defendant committed the acts of negligence alleged in plaintiff's petition, and you should also find it to be true from the evidence that the plaintiff himself was guilty of negligence in and about what he was doing at the time he was hurt, and that his negligence exceeded or was equal to the negligence of the defendant, it would be your duty to render a verdict for the defendant company."

The first sentence of this extract clearly had reference to the ordinary care contemplated by § 4426, or, in other words, to a "plaintiff who may have been passive, and may therefore not have caused, but might have avoided, the injury," and did not deal with the defense which it is claimed the court failed to submit. The next sentence only charged that the plaintiff could not recover if his negligence equalled or exceeded that of the defendant, whereas if the plaintiff (being "active") brought about his injury by his own carelessness amounting to a failure to exercise ordinary care, he should not recover, whether his negligence was less than that of the defendant or not. This defense was not submitted anywhere in the charge, and the omission was error. *Central &c. Ry. Co.* v. *Prior,* 142 *Ga.* 536 (3) (83 S. E. 117); *Wrightsville &c. R. Co.* v. *Tompkins,* 9 *Ga. App.* 154 (70 S. E. 955). It may be that the ground of the motion relating to this question was incomplete for failure to show *therein* that the issue was raised by the pleadings and the evidence, but, since a reversal must result for other reasons, we have considered the assignment without regard to whether it may be technically deficient.

7. Under the evidence the judge did not err in his charge on the right of the jury to determine the credibility of the witnesses. For the reasons set forth in the fourth and sixth divisions of this opinion, the court erred in refusing the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*