## 21239. WEST v. MOORE.

JENKINS, P. J. The instant suit for damages on account of personal injuries sustained by the plaintiff while riding as the invited guest of the defendant in the automobile of the latter grew out of the same transaction dealt with in *West* v. *Rosenberg, ante,* 211 and, except as hereinafter set forth, is controlled by the rulings there made. Exception is taken in the instant case to the admission in evidence, over objection, of the mortality and annuity tables in 70 *Ga.* 844, 845, to the charge of the court relative to the use of such tables, and to the charge of the court submitting to the jury, as an element of damage, pecuniary loss resulting from any permanent dimunition in the earning capacity of the plaintiff. *Held:*

1. Since the age of the plaintiff was shown, and there was testimony going

to show that his injuries were permanent, and would result in permanent pain and suffering, the mortality tables were properly admitted in evidence "to aid the jury in dealing with the element of time involved in their computation of the damages." *Powell* v. *Augusta &c. R. Co.*, 77 *Ga.* 192, 200 (3 S. E. 757); *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (3) (133 S. E. 63).

2. In an action for personal injuries, permanent diminution of capacity to labor is an element of damages for consideration by the jury in determining the amount of the recovery, along with evidence as to pain, suffering, disfigurement, or the like, though no pecuniary loss be shown (*Powell* v. *Augusta &c. Ry. Co.*, supra; *City Council of Augusta* v. *Owens*, 111 *Ga.* 464 (8), 479, 36 S. E. 830; *Atlanta Street R. Co.* v. *Jacobs*, 88 *Ga.* 647, 652, 15 S. E. 825), since mental pain, and suffering may follow from a consciousness of the existence of a permanently impaired capacity to labor, and for the measurement of such element of damages there is no standard but the enlightened consciences of impartial jurors. But "if a plaintiff seeks to recover for *pecuniary* losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery." *Atlanta & West Point R. Co.* v. *Haralson*, 133 *Ga.* 231 (4), 235 (65 S. E. 437). Thus, while the jury, in determining the amount of the general damages which a plaintiff is entitled to recover as compensation for a permanent injury, may take into consideration the fact that there has been a permanent diminution of his capacity to labor, it is not authorized, in the absence of proof establishing the extent to which his earning capacity has been diminished, to include in its allowance of damages the present worth of money which, but for the injury, he might have earned throughout the remainder of his life.

3. In the instant case the charge of the court excepted to instructed the jury that they "should ascertain from the evidence the annual loss which has been occasioned to the plaintiff by reason of his injuries;" and, following this instruction, the court explained to the jury the use of the mortality tables which had been put in evidence, and then instructed them that, "having from the evidence fixed, as accurately and as fairly as you possibly can, upon the number of dollars representing the yearly loss in earnings occasioned to the plaintiff by his injuries, and having ascertained from the mortality tables, in connection with all the other evidence before you, his expectancy,—that is the number of years which at the time of his injury he could reasonably have expected to live, you could, by multiplying one of these numbers by the other, determine approximately the gross amount of the loss." The court then charged the jury that the gross amount thus found should be reduced to its present value, and instructed them with reference to the use of the annuity tables, also introduced in evidence, in arriving at the present worth of such gross sum. The injury to the plaintiff, who is an attorney at law, consisted of a broken arm, and there was testimony to the effect that there had been a permanent impairment of the use of the arm. The plaintiff himself testified that altogether he lost about three months from his office on account of the injury, but was in bed only two weeks; that he did not return to normal work un-

til January after the injury, which occurred in August, and that his books showed that from August through January he made almost nothing; that he lost from his practice about $500; and that during the two or three months prior to the trial his practice had increased. This constituted the entire testimony upon the question of any future impairment of earning capacity. Accordingly, there was nothing upon which a recovery on account of future loss of earnings could be based; and since it can not be said, as a matter of law, that the instruction given did not influence the jury in arriving at the amount of the verdict returned in favor of the plaintiff, a new trial is granted for this reason alone. See, in this connection, *Atlantic Coast Line R. Co.* v. *Anderson,* supra; *Rome Ry. & Light Co.* v. *Duke,* 26 *Ga. App.* 52 (105 S. E. 386). For the reasons here stated the annuity tables were irrelevant and immaterial and were improperly admitted in evidence. In these respects this case differs from its companion case of *West* v. *Rosenberg,* ante, 211, since in that case both the mortality and annuity tables were introduced in evidence without objection, and there was no exception to the charge of the court relating to their use. Moreover, in that case the testimony of the plaintiff was to the effect that he earned $150 per month prior to the injury, and that after the injury and up to the time of the trial he was unable to do any work.

4. The remaining assignments of error relate to matters not likely to arise on another trial, and it is not necessary to deal with them here.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 16, 1931.

*McDaniel, Neely & Marshall, S. B. Lippitt,* for plaintiff in error. *Pottle, Hardwick, Farkas & Cobb,* contra.