21432.   COOPER *v.* GEORGIA POWER COMPANY.

BELL, J. 1. In a suit against a street-railway company to recover damages for injuries alleged to have been sustained by the plaintiff while riding as a passenger upon a street-car, where it appeared from the evidence that if the injuries were sustained as alleged, they were occasioned by some jolt or motion of the car as a result of a derailment of the rear trucks, after which the car was stopped within a short distance, and that the entire transaction could have occupied the space of only a few seconds, during which the plaintiff was thrown or caused to slide from the seat, there was no issue as to whether the plaintiff's injuries were caused by her own negligence, or as to whether she could have avoided the consequences of the defendant's negligence after it was or should have been apprehended, and a charge which submitted these issues was erroneous as being without evidence to support it, and, being calculated to mislead and confuse the jury, constituted ground for a new trial to the plaintiff. *Georgia, Florida & Alabama Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (6), 283 (61 S. E. 505) ; *Atlantic Coast Line R. Co.* v. *Anderson,* 35 *Ga. App.* 292 (5), 298 (133 S. E. 63) ; *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A, 880).

(a) Where it appeared that the plaintiff was seated at a proper place and in a proper manner, the mere fact that she was carrying some packages in her lap and attempted to hold to the seat or to some other object in order to resist the motion or jolt of the car at the time of the derailment did not amount to negligence or a failure to exercise ordinary care on her part; nor would testimony of another passenger to the effect that the plaintiff "seemed to have slid" from the seat suffice to present an issue as to the plaintiff's negligence or want of care, where the witness further testified that he himself was thrown from the seat and when he got up he "saw this lady," and this "was after the car came to a dead stop." Such testimony was a mere conclusion of the witness upon facts disclosed, and even if the evidence of this witness had any probative value as showing that the plaintiff slid from the seat, it did not show that she did so either negligently or voluntarily.

2. Moreover, assuming that the court was authorized, under the evidence, to submit the question of whether the plaintiff failed to exercise the proper care to avoid the consequences of the defendant's negligence after it was or should have been apprehended, it was error to charge that "if the defendant was negligent, and, after such negligence of the defendant arose and was impending and known to the plaintiff, or by the exercise of ordinary care should have been known to her, she then failed to exercise ordinary care for her own safety, and was negligent, the plaintiff would not be entitled to recover." The charge was evidently intended to submit the rule as stated in the Civil Code, § 4426, but was incomplete and erroneous, in that it precluded a recovery if the plaintiff failed to exercise ordinary care for her safety, irrespective of whether by the exercise of such care the plaintiff might have avoided the consequences of the defendant's negligence. It is not sufficient to prevent a recovery that the plaintiff may have been lacking in ordinary care and diligence to avoid the injury, "but it must appear that by the use of such ordinary care and diligence [she] could have avoided the injury." *Enright* v. *City of Atlanta*, 78 *Ga.* 288 (7) ; *Richmond & Danville R. Co.* v. *Howard*, 79 *Ga.* 44 (2) (3 S. E. 426) ; *Louisville & Nashville R. Co.* v. *Stafford*, 146 *Ga.* 206 (91 S. E. 29).

3. It can not be held by this court that the verdict for the defendant was absolutely demanded by the evidence, nor, therefore, that the errors in the charge of the court were harmless.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., disqualified.*

DECIDED JANUARY 14, 1932.

*T. L. Slappey, Hewlett & Dennis,* for plaintiff.
*Colquitt, Parker, Troutman & Arkwright,* for defendant.