21738. WOODALL *v.* GEORGIA POWER COMPANY.

DECIDED SEPTEMBER 1, 1932.

*G. Seals Aiken,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.,* for defendant.

LUKE, J. C. B. Woodall brought an action against Georgia Power Company to recover damages for injuries alleged to have been sustained by his wife, Mrs. Annie Woodall, as a result of the defendant's negligence in operating one of its street-cars. On the trial of the case the jury found for the defendant. The plaintiff's motion for a new trial was overruled, and she excepted.

The petition alleges: that on April 19, 1929, Mrs. Woodall paid her fare and boarded the defendant's street-car between the hours of three and four in the afternoon at Whitehall and Alabama streets in the city of Atlanta, for the purpose of going to Collier road; that at a certain point on Peachtree road, the motorman operating the car drove it at a rapid and negligent rate of speed of about thirty-five miles an hour into and upon a certain switch, causing "the rear wheels to jump the switch and cross over and go along the tracks on the left side of the street, while the front wheels went along the switch and crossed over to the other side of the street, throwing the street-car . . across the street while moving forward at a rapid rate of speed;" that the severe jolt occasioned by reason of the car's being so driven into and upon said switch threw Mrs. Woodall violently "against the seat in front of her and back upon the one she was sitting on," and seriously injured her; and that "petitioner's wife was free from negligence . . and was powerless to prevent the injuries to herself caused by the negligence of the defendant and its agents, and that the plaintiff was not guilty of negligence in any way." Defendant's answer was a denial of every material allegation of the petition.

Special ground 5 of the motion for a new trial avers that the following charge of the court is erroneous, "because there was no evi-

dence whatever that the plaintiff was negligent" and no contention before the jury to that effect, and the charge "placed an illegal burden upon the plaintiff:" "And if you believe that his wife was not guilty of such negligence as under these instructions would bar a recovery, then I charge you that the plaintiff would be entitled to recovery in this case." The same criticism is made in special ground 6 on the following charge: "A further legal rule that I call your attention to is that the plaintiff's wife must have been in the exercise of ordinary care to protect herself against any negligence that may have occurred on the part of the defendant, and the definition of ordinary care as applicable to her is just that care that every prudent person would exercise under the same or similar circumstances, and if his wife could by the exercise of ordinary care have avoided the consequences to herself of the defendant's negligence—if there was such—he would not be entitled to recover." It appears, from the evidence, that Mrs. Woodall had paid her fare and was sitting, as a passenger, on one of defendant's street-cars when she was suddenly and unexpectedly injured by being thrown violently against the seat in front of her and back against the seat on which she was sitting. There is no evidence that she was negligent in any manner, or that she had reason to suspect that the accident would occur. In the recent case of *Cooper* v. *Georgia Power Co.,* 44 *Ga. App.* 581 (162 S. E. 302), this court held: "In a suit against a street-railway company to recover damages for injuries alleged to have been sustained by the plantiff while riding as a passenger upon a street-car, where it appeared from the evidence that if the injuries were sustained as alleged, they were occasioned by some jolt or motion of the car as a result of a derailment of the rear trucks, after which the car was stopped within a short distance, and that the entire transaction could have occupied the space of only a few seconds, during which the plaintiff was thrown or caused to slide from the seat, there was no issue as to whether the plaintiff's injuries were caused by her own negligence, or as to whether she could have avoided the consequences of the defendant's negligence after it was or should have been apprehended, and a charge which submitted these issues was erroneous as being without evidence to support it, and, being calculated to mislead and confuse the jury, constituted ground for a new trial to the plaintiff. *Georgia, Florida & Alabama Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (6), 283

(61 S. E. 505); *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (5), 298 (133 S. E. 63); *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A, 880)."

In the case at bar, as in the *Cooper* case, "the entire transaction could have occupied the space of only a few seconds," the car having been brought to a stop almost instantly after the accident. The two cases are so similar that the ruling in the *Cooper* case is binding authority in this case, and we hold that a new trial must be granted because of error in the court's charge as set out in special grounds 5 and 6 of the motion for a new trial.

In special ground 2 of the motion for a new trial it is averred that the court erred in refusing to charge that "in all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company, shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. This law applies to street-railroad companies and passengers thereof." With the exception of the last sentence of the foregoing charge, it is in the language of the act of 1929 (Ga. L. 1929, pp. 315, 316, sec. 1). That act provides that "this section shall also apply to passengers of railroad companies." We think there can be no question that the rule also applies to passengers of street-car companies. This act was adopted from a Mississippi statute which was declared constitutional by the Supreme Court of the United States in Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 37 (31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A. (N. S.) 226). In holding that section 2780 of the Civil Code (1910) was unconstitutional the Supreme Court of the United States, in W. & A. R. Co. v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884), said: "The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. . . That of Georgia as construed in this case creates an inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate. The presumption raised by section 2780 is unreasonable and arbitrary, and violates the due process clause of the fourteenth amendment." In *Seaboard Air-Line Ry. Co.* v. *Fountain*, 173 *Ga.* 593, 600 (160 S. E. 789, 792), Justice Hines, rendering the majority opinion, said: "Thus

the Supreme Court of the United States by clear implication holds that the Mississippi statute, which we have under consideration, would be unconstitutional and void if the Supreme Court of that State had held that it had any greater weight than to create a mere inference which would disappear whenever the railroad company introduced any evidence tending to disprove the existence of such negligence."

In the case at bar the ultimate and controlling ground of negligence alleged in the petition was the rapid and dangerous speed of the car in approaching the switch. The plaintiff's evidence directly supports that allegation, while that of the defendant pointedly denies it. It would therefore appear that it was a matter of evidence against evidence, and that the temporary inference of negligence on the part of defendant's motorman "vanished." Under the facts of this case the court did not err in refusing to charge the provisions of the act of 1929.

There appears no sufficient reason for this court to pass upon the other numerous grounds of the motion for a new trial. Many of them are obviously without merit; several of them are elaborations of the general grounds; and most of them concern rulings upon evidence which will hardly be presented in the same manner and under the same circumstances again. As stated in the first division of this opinion, the judgment is reversed because of errors in the charge of the court.

*Judgment reversed. Hooper, J., concurs. Broyles, C. J., disqualified.*