24

## 26990.   BERRY *v.* JOWERS.

DECIDED NOVEMBER 25, 1938.

*B. Hugh Burgess, Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.

*Howard, Tiller & Howard,* contra.

SUTTON, J. ■ Mrs. Mae W. Jowers brought suit for damages against Frank M. Berry to recover for injuries alleged to have been sustained by her because of the negligent operation of an automobile by the defendant, the petition alleging that she was struck by said automobile at a point outside of the City of Atlanta, in De-Kalb County, and near the junction of Ponce de Leon Avenue and East Lake Drive, and not within the limits of any municipality; that Ponce de Leon Avenue runs generally in an easterly and westerly direction, and that she had alighted from a street-car and had walked eastwardly some little distance and had then pro-

ceeded, in a described manner, across Ponce de Leon Avenue, about forty feet wide at that point, to a point where she was run into by the automobile of the defendant. The petition charged a number of negligent acts on the part of the defendant, detailed her injuries, pain and suffering, and expenses incurred, alleging also that her ability to work and earn money had been decreased 50 per cent. or more. She prayed for damages for her injuries, temporary and permanent, for pain and suffering, lost time, doctor's bills and medical expenses, and for decreased earning capacity. The defendant filed an answer, denying the substantial allegations of the petition, alleging that he was in no wise at fault, that the proximate cause of the plaintiff's injuries, if any, was her own negligence in stepping from behind another automobile immediately in front of defendant's automobile without discovering its approach, that the plaintiff contributed proximately to her injuries, if any she received, and was not exercising ordinary care for her own safety at the time she claimed to have been injured. The jury returned a verdict in favor of the plaintiff, and the exception is to the judgment overruling the defendant's motion for new trial.

On the trial of the case no attempt was made by the plaintiff to prove several of the allegations of negligence. The court charged the jury: "Now, gentlemen, I charge you that the plaintiff could not recover damages in this case upon any theory of negligence except as alleged in the plaintiff's petition. The plaintiff could not recover upon any set of facts outside the petition, but, gentlemen, the plaintiff is not required to prove all of the allegations of negligence set forth in the petition in order to recover, if she otherwise makes out her case as charged. Now, gentlemen, if the plaintiff should show to you, by a preponderance of the evidence, that the defendant was negligent in one or more of the particulars of negligence which are charged against the defendant in the petition, and that such negligence was the proximate cause of plaintiff's injury and damage, if any, and if the plaintiff otherwise makes out her case as alleged in the petition, and is otherwise entitled to recover under the charge of the court, then the plaintiff could recover such damages in the case as you would assess under the rules regulating damages which the court will give you later on in this charge." The court further charged: "Now, gentlemen, if you should believe from the evidence in this case that in some one or

more of the particulars of negligence set out in the plaintiff's petition that the defendant was guilty of negligence which proximately caused the plaintiff's injuries and damage, if she was injured and damaged, and that is for you to say, or if you believe from the evidence, gentlemen, under those circumstances, that the plaintiff is not barred of recovery by some other rule of law given you in charge or which may be given you in charge by the court further along in this charge, then you would be authorized to find for the plaintiff such damages as you think under the proof and the rules of law given you in charge by the court the plaintiff would be entitled to recover."

One of the special grounds of the motion for new trial complains of these portions of the charge, it being contended that thereby the court submitted to the jury all of the allegations of negligence, and authorized a finding on any of the grounds of negligence, including those as to which no attempt was made to submit evidence. While, as shown by cases cited by the plaintiff in error, it is error for the court to submit to the jury an issue as to whether the defendant was negligent in a given respect when the evidence introduced fails to show such negligence, the charge here complained of is not subject to that objection. It does not submit any specific ground of negligence or intimate what has been proved. It merely instructs the jury, after the court had stated the contentions of the parties, that if by a preponderance of the evidence sufficient proof had been submitted to sustain one or more of the particulars of negligence charged in the petition (the court not specifying what evidence had been introduced), the plaintiff would, subject to the conditions otherwise named in the charge, be entitled to recover. It is true, as contended by counsel for the plaintiff in error, that no evidence was offered in support of *some* of the allegations of negligence. For instance, none was offered under the charge that the brakes on the automobile of the defendant were defective. None was offered under the charge that the defendant's eyesight was defective. None was offered under the charge that the headlights on the defendant's car were dim and not sufficient to enable him to discern the presence of pedestrians on the highway. But evidence sufficient to make an issue for the jury was offered in support of "one or more" of the allegations of negligence, not necessary to be here pointed out, and consequently, the instruction of the court, in effect, that

the jury examine whatever evidence had been introduced and then determine whether or not any part of it supported one or more of the allegations of negligence in the petition, was not error.

■ Error is also assigned on the following charge of the court: "Now, if, gentlemen, on the other hand, you should believe from the evidence that the defendant was not guilty of negligence in one or more of the particulars of negligence set out in the petition, or if you should believe from the evidence that the defendant was negligent, but that such negligence did not cause any injury or damage to the plaintiff as alleged in the petition, or if you should find from the evidence that the plaintiff by her own negligence caused the injury and damage which she says she received, or if the plaintiff, in the exercise of ordinary care on her part, could have avoided the consequences of the defendant's negligence, if the defendant was negligent, or if the negligence of the plaintiff, if any, was equal to or greater than the negligence of the defendant, if any, or if the collision set out in the plaintiff's petition was the result of accident, unmixed with negligence on the part of either party, then, gentlemen, in either of those events, your verdict would be for the defendant, and you would not be authorized to return a verdict in favor of the plaintiff, and if you should find either of those events to be true you would stop your deliberations at that point and return a verdict in favor of the defendant."

It is contended that the charge was error because it submitted to the jury all the acts of negligence; that it is argumentative; that it is highly confusing; that the court directed the jury to consider the duty of the plaintiff to exercise ordinary care for her own protection as a primary duty along with the duty of the plaintiff to exercise ordinary care to avoid the consequences to herself of the defendant's negligence, the duties being stated in direct connection, one with the other, whereas they should have been defined distinctly and separately; that the portion of the quoted excerpt, "or if you should find from the evidence that the plaintiff by her own negligence caused the injury and damage which she says she received, or if the plaintiff, in the exercise of ordinary care on her part, could have avoided the consequences of the defendant's negligence, if the defendant was negligent," confuses the doctrine of Code, § 94-703, with that of Code, § 105-603, and that being charged in direct connection, one with the other, the charge was calculated to

mislead the jury as to the duty of the plaintiff primarily to exercise ordinary care for her own protection and secondarily to exercise ordinary care to avoid the consequences to herself of the defendant's negligence.

In the language of the quoted excerpt we see nothing that could be said to be error harmful to the defendant for any reason assigned. Every contingency stated by the court was a correct representation of the law, and the charge could not reasonably be said to have confused the jury. We take the contention that the doctrine of Code, § 94-703 (that the plaintiff can not recover where the injury is caused by his own negligence, and that, where both parties are at fault, the plaintiff may recover diminished damages), was confused with the doctrine of Code, § 105-603 (that the plaintiff can not recover if he could, by the exercise of ordinary care, have avoided the consequences to himself of the defendant's negligence), to mean that the plaintiff in error is contending that the court, inasmuch as it charged in the same excerpt, "or if the negligence of the plaintiff, if any, was equal to or greater than the negligence of the defendant, if any," should have qualified the last quoted statement by instructing the jury that it was subject to the condition that the plaintiff could not, by the exercise of ordinary care, have avoided the consequences to herself of the defendant's negligence.

The right to recover diminished damages is always subject to the qualification that the plaintiff could not, by the exercise of ordinary care on her part, have avoided the consequences of the defendant's negligence. In the leading case, *Americus, Preston &c R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), cited by counsel for the plaintiff in error, the headnote reads: "Upon the trial of a suit against a railroad company for personal injuries to the plaintiff, it was error to charge as follows: 'If, by the exercise of ordinary care and diligence, the plaintiff could have avoided the consequences to herself of the defendant's negligence, she can not recover; but if both parties were at fault, and the alleged injury was the result of the fault of both, then, notwithstanding the plaintiff's negligence, she would be entitled to recover, but the amount of the recovery would be abated in proportion to the amount of the default on her part.' The error consisted in stating in immediate connection with each other, and without proper explanation, two distinct rules of

law, and thus qualifying the former by the latter, which is not the purpose of the statute." In the body of the opinion it was said: "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence. The law also clearly contemplates cases in which, while the plaintiff is to some extent negligent, he nevertheless could not, by using ordinary care, have avoided an injury resulting from defendant's negligence. Of course, there can be no recovery when the defendant is entirely free from negligence and uses all proper care to prevent injury. The law of contributory negligence is applicable only where both parties are at fault, and when, also, the plaintiff could not by ordinary care have avoided the injury which defendant's negligence produced. The charge given by the judge below, in effect, makes the defendant liable if the jury should find both parties negligent, notwithstanding they might have believed that if the plaintiff had exercised ordinary care she would not have been hurt. He correctly charged the law set forth in section 2972 [Code of 1933, § 105-603], but improperly qualified it by charging the law contained in the latter half of section 3034 [Code of 1933, § 94-703], without making the proper explanation as to the class of cases to which this latter charge is applicable. If he had said: 'But if both parties were at fault, and the alleged injury was the result of the fault of both, · *and you find from the evidence that the plaintiff could not by ordinary care have avoided the alleged injury to herself occasioned by defendant's negligence,* then, notwithstanding she may have been to some extent negligent, she would be entitled to recover, but the amount of damages should be apportioned,' etc., the charge would have been correct, because it would have fully met all the requirements of the sections referred to."

But the error pointed out in the above-quoted decision, insisted on by the plaintiff in error as supporting his contention in the present case, is not to be found in the quoted excerpt now under consideration. This was not an instance where the court charged that the plaintiff could recover damages if both parties were negligent, and the negligence of the plaintiff was *less* than that of the

defendant, and where the court failed to qualify the diminished-damages rule, in *that kind* of a situation, by giving in charge Code, § 105-603. The court stated that the plaintiff could not recover "if the negligence of the plaintiff, if any, was *equal to or greater than* the negligence of the defendant, if any." (Italics ours.) Manifestly, if the plaintiff's negligence was not merely *less* than that of the defendant, but was equal to or greater than the defendant's negligence, if any, it would be proper for the court to state to the jury, where wantonness on the part of the defendant was not in issue, that the plaintiff could not recover. In that situation no qualification of the diminished-damages rule would be necessary, because if the plaintiff's negligence was equal to or greater than that of the defendant, the defendant would not need the aid of a charge as to the plaintiff's lack of right to recover if by the exercise of ordinary care he could have avoided the consequences to himself caused by the defendant's negligence.

■ Another special ground of the motion for new trial complains of the following portion of the charge of the court: "Now, gentlemen, I charge you that under the law of Georgia the law allows under some circumstances damages in a diminished sum, that is, where both of the parties are negligent and where the defendant's negligence, if any, amounts to a lack of ordinary care on the part of the defendant, and where the defendant's negligence is greater than that of the plaintiff, and where the negligence of the plaintiff does not amount to a lack of ordinary care, and I will give you the rules of law under that kind of a situation. Now, gentlemen, if you should believe from the evidence that the plaintiff in this case, under the circumstances alleged in this case, was guilty of some negligence, but if you should believe that her negligence did not amount to a lack of ordinary care on her part, and if you should further believe from the evidence that the plaintiff's negligence was not as great as the negligence of the defendant, if the defendant was negligent, then, under those circumstances, gentlemen, the plaintiff, under the law, would be entitled to recover damages, if the defendant was guilty of negligence amounting to a lack of ordinary care proximately causing or contributing to plaintiff's injury and damage, if any; but under those circumstances, gentlemen, the amount of the recovery would be reduced in proportion to the amount of negligence attributable to the plaintiff." It is con-

tended that the court erred in failing to qualify the diminished-damages rule under Code, § 94-703, by stating the rule in Code, § 105-603, as to the lack of right to recover if the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence. This exception is without merit as the charge complained of was more favorable to the defendant than to the plaintiff. The court instructed the jury: "Now, gentlemen, if you should believe from the evidence that the plaintiff in this case, under the circumstances alleged in this case, was guilty of some negligence, but if you should believe that her negligence did not amount to a lack of ordinary care. . ." This, in effect, amounted to an instruction to the jury that if the plaintiff failed to exercise ordinary care or was guilty of ordinary negligence she could not recover.

■ Another special ground of the motion for new trial complains that the court, in a portion of the charge relating to the measure of damages, repeated the alleged error dealt with in the third division of this opinion, in that the court stated to the jury, "Gentlemen, I have previously in this charge given you the rule of law which will apply in case of mutual negligence of the parties, that is, gentlemen, about the diminution of damages in the case of negligence of both the plaintiff and the defendant, that is, where both the plaintiff and the defendant are negligent, but where the negligence of the plaintiff does not amount to a lack of ordinary care and is not as great as the negligence of the defendant, and where the negligence of the defendant is greater than that of the plaintiff's and does not amount to a lack of ordinary care, and I have given you the rules of law, gentlemen, upon that subject and that kind of situation. That charge, gentlemen, as to the diminution of damages, in case you should find such a situation in this case, as to negligence, will be treated as being applicable to the charge of the court when the court deals with the measure of damages;" it being contended that the court should have qualified such charge by stating that such diminished damages could not be recovered, however, if the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence. This contention is controlled by the ruling in the third division of the opinion.

■ Another special ground complains that the court erred in

charging the jury as to the right of the plaintiff to recover permanent damages on account of diminished capacity to labor and earn money, it being contended that there was no evidence authorizing such charge. The exception here is well taken. The evidence shows that the plaintiff sustained serious injuries, that she lost about two months and ten days from her work, that she now has to wear glasses all the time whereas previously she did not, that at times she has headaches and occasionally has to leave the office and go home, but there was no evidence that her disabilities, while authorizing a charge for permanent damages on account of pain and suffering, were so substantial as to have brought about, or would bring about, any decrease in her earnings. She is still making the same salary as she did before the injury, and although about a year had passed since the date of her injuries it was not shown that after her return to work she had suffered any reduction in salary because of any enforced absence or otherwise. It is possible, though not certain, that in some employment less benign the same degree of absence from work might result in her earnings being reduced, but mere speculation is not sufficient to authorize a charge on the subject of permanent damages on account of decreased capacity to earn money.

In *Southern Railway Co.* v. *Pelway,* 7 *Ga. App.* 659 (2) (67 S. E. 886), it was held: "Where the plaintiff in his testimony gives his age, his occupation, his condition of health before and after his injuries, and his earning capacity when injured and subsequently, sufficient data are given to enable the jury to determine how long he will probably live and labor, and how much the pecuniary value of his life has been diminished by the injuries. The jury are authorized to make this calculation without the assistance to be derived from mortality and annuity tables." In *Rome Railway & Light Co.* v. *Duke,* 26 *Ga. App.* 52 (105 S. E. 386), it was held: "In a suit for damages on account of personal injuries resulting from a tort, where the petition alleges that the ability of the plaintiff to earn money has been decreased, it is error for the judge to charge the jury on this element of damages, unless there is some evidence upon which the jury can base with reasonable certainty a finding as to the amount of such damages." In *Atlantic Coast Line R. Co.* v. *Anderson,* 35 *Ga. App.* 292, 297 (133 S. E. 63), it was said: "In the *Haralson* case, supra [133 *Ga.* 231], the Supreme

Court said: 'If a plaintiff seeks to recover for pecuniary losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery.' The recovery should be such as to compensate for the loss of money which the plaintiff would probably have earned had the injury not occurred. *Georgia Ry. & El. Co.* v. *Carroll*, 143 *Ga.* 93 (5) (84 S. E. 434). The measure of recovery for pain and suffering is to be determined, of course, by the enlightened consciences of impartial jurors. But before the jury can legitimately render a verdict for the other kind of damage referred to, they should have in evidence some data upon which to base it. They should not be left to mere guess or conjecture, and unless there is ground in the evidence for more than this, the question of the plaintiff's right to recover such damage ought not to be submitted in charge." In *City of Atlanta* v. *Jolly*, 39 *Ga. App.* 282 (1) (146 S. E. 770), it was held: "In an action for damages on account of personal injuries, the pecuniary loss resulting from a diminution of the injured person's earning capacity can not be determined solely from proof that as a result of the injuries the capacity to work has been impaired. There must be some data or facts from which the pecuniary value of such diminution can be determined." In the opinion it was said: "While a person injured may, as compensation for damages in the nature of pain and suffering, without any proof of pecuniary loss, recover damages for impaired ability to work due to a physical injury, as was held in *City Council of Augusta* v. *Owens*, 111 *Ga.* 464 (36 S. E. 830), yet where a recovery is sought for pecuniary loss resulting from an impaired capacity to earn money, resulting from a physical injury, there must appear some data from which the jury can arrive at the pecuniary value of the injured person's earning capacity both before and after the injury [citing]. While proof of the plaintiff's actual earnings, either before or after the injury, is not essential to the establishment of the value of the plaintiff's decreased earning capacity, there must nevertheless appear some evidence, either direct or circumstantial, tending to show what the plaintiff was capable of earning both before and after the injury. The mere fact that the plaintiff has suffered a physical injury, such as a sprained or fractured ankle, which might permanently impair her ability to walk or to enjoy the normal use of both feet, and that she is thereby pre-

vented from performing the duties of her employment at the time of the injury, in the absence of any evidence either direct or circumstantial tending to show what the plaintiff earned in her business, or other evidence from which the jury could estimate the pecuniary value of the plaintiff's earning capacity, either before or after the injury, even if sufficient to establish a diminished earning capacity as a result of the injury, is insufficient to establish its pecuniary value."

In *City of Atlanta* v. *Feeney,* 42 *Ga. App.* 135, 138 (155 S. E. 370), it was said: "There must always be some evidence that will furnish the jury a reasonable basis upon which to estimate the loss or actual diminution of capacity to earn money. Where there is no evidence along this line, it is error to give such a charge to the jury [citing]." In *West* v. *Moore,* 44 *Ga. App.* 214 (2) (160 S. E. 811), it was held: "In an action for personal injuries, permanent diminution of capacity to labor is an element of damages for consideration by the jury in determining the amount of the recovery, along with evidence as to pain, suffering, disfigurement, or the like, though no pecuniary loss be shown (*Powell* v. *Augusta &c. Ry. Co.,* supra [77 *Ga.* 192, 200]; *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (8), 479, 36 S. E. 830; *Atlanta Street R. Co.* v. *Jacobs,* 88 *Ga.* 647, 652, 15 S. E. 825), since mental pain and suffering may follow from a consciousness of the existence of a permanently impaired capacity to labor, and for the measurement of such element of damages there is no standard but the enlightened consciences of impartial jurors. But, 'if a plaintiff seeks to recover for *pecuniary* losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery.' *Atlanta & West Point R. Co.* v. *Haralson,* 133 *Ga.* 231 (4), 235 (65 S. E. 437). Thus, while the jury, in determining the amount of the general damages which a plaintiff is entitled to recover as compensation for a permanent injury, may take into consideration the fact that there has been a permanent diminution of his capacity to labor, it is not authorized, in the absence of proof establishing the extent to which his earning capacity has been diminished, to include in its allowance of damages the present worth of money which, but for the injury, he might have earned throughout the remainder of his life." There being no evidence in the present

case from which the jury could arrive at any estimate as to the plaintiff's decreased earning capacity, the charge of the court, while proper as to permanent damages on account of pain and suffering, was not authorized as to permanent damages on account of alleged decreased capacity to earn money.

■ From an examination of the record no merit appears in the assignment of error that the court failed to instruct the jury as to the measure of damages in the event they found the injuries of the plaintiff not to be permanent.

■ Because of the error in the charge of the court dealt with in the fifth division of this opinion, it was error to overrule the motion for new trial, and as the case is being remanded for another trial it is unnecessary to pass on the general grounds of the motion and whether or not the verdict was excessive.

*Judgment reversed. Stephens, P. J., and Felton, J., concur. Sutton, J., dissents from the rulings in the third and fourth divisions of the opinion.*

SUTTON, J., dissenting. While I prepared the opinion for the court in this case, I do not agree to the rulings of the majority of the court as contained in the third and fourth divisions of the opinion. I think the charge there dealt with was reversible error as against the defendant and deprived him of one of his defenses. The charge dealt with in the third division of the opinion amounted to instructing the jury that if the plaintiff was guilty of some negligence, if less than ordinary negligence, and the defendant was guilty of negligence proximately causing the injury, she could recover, without telling the jury that if the plaintiff by the exercise of ordinary care could have prevented the injury she could not recover. In other words, the court gave in substance the law as contained in Code, § 94-703, without qualifying it by the law as contained in Code, § 105-603; that is, he failed to instruct the jury in this connection that if the plaintiff by the exercise of ordinary care could have prevented the injury she could not recover. This has been held to be reversible error many times. *Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105) ; *Macon, Dublin &c. R. Co.* v. *Moore,* 99 *Ga.* 229 (3) (25 S. E. 460) ; *Southern Railway Co.* v. *Watson,* 104 *Ga.* 243 (30 S. E. 818) ; *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802) ; *Savannah, Florida &c. Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E.

239); *Columbus Railroad Co.* v. *Peddy,* 120 *Ga.* 589 (48 S. E. 149); *Macon Ry. &c. Co.* v. *Streyer,* 123 *Ga.* 279 (51 S. E. 342); *Southern Railway Co.* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180). This charge was calculated to have caused the jury to believe that where the plaintiff was guilty of some negligence, and where the defendant was guilty of negligence proximately causing the injury, the plaintiff could recover, although by the exercise of ordinary care she could have prevented the injury to herself. Not only was the duty on the plaintiff to exercise ordinary care, but the duty was on her to exercise ordinary care to prevent the injury to herself, and if, in the exercise of ordinary care, she could have prevented the injury, then she could not recover, and the jury should have been so instructed. For the same reason I dissent from the ruling made in the fourth division of the opinion.