THE GEORGIA PACIFIC RAILWAY COMPANY *v.* FREEMAN.

<div style="float:right">83  583<br>86  148</div>

1. That the court in the first sentence of a charge excepted to required not only that the warning should be given in the usual and customary manner, but also in such manner as ordinary care and diligence required, while the second sentence instructed the jury that if the warnings were given in the customary manner, the defendant would be relieved from liability, is not ground for new trial.

2. The rule as to positive and negative evidence was correctly given by the court.

3. In a suit for damages from injuries claimed to be permanent, a charge that there is no fixed rule for estimating damages of this sort was not erroneous.

November 4, 1889.

Railroads.  Negligence.  Charge of court.  Evidence Damages.  Before Judge VAN EPPS.  City court of Atlanta.  September term, 1889.

The plaintiff was employed by the defendant to clean cars, and was injured by being caught between the ends of one stationary and another shoved back by the engine to be coupled.  His evidence tended to show that his injuries were permanent; that he was free from fault; that it was customary and necessary to the performance of his duties for him to pass between the ends of cars left uncoupled and standing; that the bell of the engine was not ringing, nor were the other usual

signals or warnings given; that he was about fifty-eight years old, etc. The defendant's evidence was to the effect that the bell was ringing and the other signals given; that the engine and cars were moving very slowly; that another servant on the side of a car next to the one where plaintiff stood, had just received personal notice of the approach of the engine; and that the coupling was done at the usual time. The jury found for the plaintiff $2,500, and the defendant moved for a new trial on the following grounds:

(1–3) Verdict contrary to law and evidence, and excessive.

(4) Error in charging: "If you believe from the evidence that, before the cars came together, the bell was rung and warnings given in the usual and customary manner, and in such manner as ordinary care and diligence required in view of the actual situation as disclosed in the evidence, and that the plaintiff was hurt notwithstanding this, he cannot recover. If you believe from the evidence that the defendant had a customary method of giving notice of danger, that the plaintiff had full notice of such custom, and remained in the service without complaint, and that notice in accordance with such custom was given at the time of the occurrence in dispute, then the defendant would not be liable, even though personal notice of such warning, if given, did not reach the plaintiff."

(5) The court charged: "Where witnesses are equally credible, and their testimony otherwise entitled to equal weight, greater weight and credit should be given by the jury to those whose means of information were superior; and also to those who swear positively to a fact, rather than to those who swear negatively, or to a want of knowledge or a want of recollection. This rule, however, is to be taken with this qualification: where one or more witnesses swear positively to a fact,

such as that a bell was rung, or warnings given by the voice crying out, and one or more witnesses having equal, means of information and equal opportunity of knowing the fact, whether it occurred or not, and who bestowed equal attention upon the subject, swear that it did not occur, both sets of witnesses are to be treated as giving positive testimony." Error, because there was no testimony that the witnesses for plaintiff who testified that they did not hear the bell rung, bestowed equal attention upon the subject with the witnesses for defendant.

(6) The court charged: "Another item of damage alleged by the plaintiff is for permanent injuries. He says that he has been permanently injured, and that by reason thereof his ability to labor and earn money has been impaired. If this be true, and the jury believe that he is entitled to recover on the case made, he would be entitled to further compensation on this account. The burden is on the plaintiff to show the fact that his capacity to labor and earn money has been permanently impaired, and the extent of such impairment, or to furnish *data* to the jury from which they may be able to ascertain his financial loss in this respect. In passing upon this question, you would ascertain from the evidence whether the plaintiff's capacity to labor and earn money is impaired by his injuries, and if so, the extent of such impairment, and whether such impairment will extend into the future and through the remainder of his life, and if you so find, you would award him such a sum as you think reasonable and just in view of the nature and extent of such injury, and in view of all the facts and circumstances in the case as disclosed to you in the evidence. If you believe from the evidence that plaintiff has not suffered any permanent injury as a result of the injuries mentioned in the evidence, you would not allow him anything for

permanent injury. No fixed rule exists for estimating this sort of damage. The plaintiff's age, his habits, his strength, sex, vocation, rate of wages earned in the past by his labor, his prospect of obtaining steady and remunerative employment in the future, and the like, in so far as they may be illustrated by the evidence, are all circumstances proper to be taken into account. Diminution of his ability to work, if likely to occur by growing years and infirmities of age, is also to be considered, and any other fact which this evidence discloses, that in the minds of the jury ought to affect this particular plaintiff." Error, because the amount of damages to be found for a permanent injury is governed by fixed rules as distinguished from the amount allowed for pain and suffering, which is left to the conscience of the jury; the actual financial loss must be given.

The motion was overruled, and defendant excepted.

JACKSON & JACKSON and POPE BARROW, for plaintiff in error.

J. T. GLENN and J. M. SLATON, *contra*.

BLANDFORD Justice.

A verdict was had for the plaintiff, and a motion for a new trial was made by the defendant, upon several grounds, which was overruled, and to that judgment the defendant excepted.

1. The 4th ground of error alleged is, that the court, in the first sentence of its charge as stated in this ground, required not only that the warnings should be given in the usual and customary manner, but also in such manner as ordinary care and diligence required; whilst in the second sentence, the court instructed the jury that if the warnings were given in the customary manner alone, the defendant would be relieved from liability. The defendant insisted that the law was correctly

stated in the latter sentence, and that the first sentence imposed a rule of diligence upon the defendant not authorized by the law under the admitted facts of the case. This objection is more in the nature of criticism than a real complaint.

2. The 5th ground complains as to rule charged upon positive and negative evidence. We do not think there is any error in this charge. The rule as to positive and negative evidence was correctly given by the court. Whether there was any evidence to authorize the court to charge that the negative evidence was equal to the positive evidence where both the witnesses to the positive evidence and the witnesses to the negative evidence swore positively as to the fact whether a bell was rung, or not, we do not see how the court could have charged otherwise than it did.

3. The 6th ground of the motion complains of the charge of the court as to the rule by which the jury should be governed in estimating the damages. We have carefully considered the charge complained of, the main complaint being that the court stated that there is no fixed rule for estimating damages of this sort. While there may be a fixed rule as to the compensation which one may be entitled to, there certainly can be no fixed rule by which the jury must be governed in estimating the damages; and we think that what the court said was eminently correct.    *Judgment affirmed.*