THE CENTRAL RAILROAD AND BANKING CO. v. PASSMORE.

1. A railway company permitting by contract or otherwise another railway company to use a section of its main line, not at a terminal point but to reach such point, is liable to one of its own employees for a personal injury resulting to him from the negligence of the latter company in running its train over and upon the section used in common by both companies, it not appearing that the negligent company had any legislative authority to adopt and use as its own any part of the main line of the other company. In such case both companies should be considered as using the franchise of the one owning the line, and the principle of *Macon & Augusta R. R.* v. *Mayes*, 49 *Ga.* 355, applies.

2. There was no error in charging the jury, or in refusing to charge as requested. The verdict was not excessive, and there was no error in refusing a new trial.　　*Judgment affirmed.*

August 23, 1892.

Railroads. Negligence. Damages. Before Judge Ross. City court of Macon. September term, 1891.

Passmore sued the railroad company for damages, because of injuries received by him while in its employment as a brakeman, in a collision. He obtained a verdict for $1,250. A motion for a new trial was overruled, and the defendant excepted. The motion contains the grounds that the verdict was excessive, and that the court erred in not granting a nonsuit.

Also, because the court refused to charge as requested: "If the jury believe from the evidence that the Central Railroad & Banking Company was guilty of no negligence in the running of its train, and that the alleged injury of the plaintiff was not caused by any negligence of the Central Railroad in the running of its train, but the injury was caused by a collision with a train of the Georgia Railroad, or Macon and Augusta Railroad, running on and using this track of the Central Railroad with permission under a contract or otherwise, and from the negligence or wrong of said railroad, its servants, agents or employees, then the plaintiff is not entitled to recover for his injuries, from the Central Railroad.

"If the plaintiff, while in the employment of the Central Railroad as a brakeman on its train running from Macon to Savannah, knew that the Georgia Railroad, or the Macon and Augusta Railroad, was daily using the track of the Central Railroad from Massey's Junction into Macon for the running of its trains, at the point where the collision is said to have occurred, and he continued in the employment of the defendant in such employment on its train as brakeman, then he took the risk of all such dangers arising from such use of the track of the Central Railroad by the Georgia or the Macon & Augusta Railroad, and he cannot recover."

Also, because the court erred in charging: "Where a railroad company permits other companies or persons to exercise the franchise of running cars drawn by steam over its road, the company owning the road and to which the law has entrusted the franchise, is liable for any injury done, as though the company owning the road were itself running the cars.

"Unless the plaintiff was free from fault he cannot recover, even though the defendant's agents may have been negligent, but if the plaintiff was free from fault and the negligence of defendant's agents, or the negli-

gence of the agents of any person or company using or exercising the franchise of the defendant in running cars drawn by steam over its road, caused the injury to plaintiff, plaintiff would be entitled to recover.

"If entitled to recover at all, he, the plaintiff, is entitled to recover for such pain and suffering as he felt because of his hurts and damages.  To arrive at the amount of such recovery, look to the evidence, first to ascertain how much pain and suffering he endured.  Of course the damage for this item should depend on the severity and extent of the pains and suffering, as disclosed by the evidence.  After deciding how much pain and suffering plaintiff endured, the only guide the court can give you as to what pecuniary remuneration you should allow for such pain and suffering, is to refer you to your own enlightened consciences as to what is right, under the evidence, between the parties.

"He says that he has been permanently injured, and that by reason thereof his ability to labor and earn money has been impaired.  If this be true, and you must be satisfied of it from the evidence in the case, and the jury believe that he is entitled to recover on the case made under the charge of the court, he would be entitled to further compensation on this account. The burden is on the plaintiff to show the fact that his capacity to labor and earn money has been permanently impaired, and the extent of such impairment, and to furnish *data* to the jury from which they may be able to ascertain his financial loss in this respect.  In passing upon this question, you would ascertain from the evidence whether the plaintiff's capacity to labor and earn money is impaired by his injuries, and if so, the extent of such impairment, and whether such impairment will extend into the future and during the remainder of his life, and if you so find, you would award him such a sum as you think reasonable and just in view of the nature and

extent of such injuries, and in view of all the facts and circumstances in the case as disclosed to you by the evidence. If you believe from the evidence that plaintiff has not suffered any permanent injury as a result of the injuries mentioned under the evidence, you would not allow him anything for permanent injury. No fixed rule exists for estimating this sort of damage. The plaintiff's age, his habits, his strength, sex, vocation, rate of wages he earned in the past by his labor, his prospect of obtaining steady and remunerative employment in the future, and the like, in so far as they may be illustrated by the evidence, are all circumstances proper to be taken into account. Diminution of his ability to work, if likely to occur by growing years and infirmities of age, is also to be considered, and any other fact which this evidence discloses, that in the minds of the jury ought to affect this particular plaintiff." On this charge the defendant specified error in that the court left it entirely to the discretion of the jury to say what was reasonable and just damages.

R. F. LYON, for plaintiff in error.
DESSAU & BARTLETT, *contra.*