## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* BELL.

HOLDEN, J.   The defendant in error sued the plaintiff in error for damages, the petition alleging that while the plaintiff was engaged in the performance of his duties as a brakeman on top of the car of a freight-train of the defendant, running between stations, he was thrown therefrom "while said train was being run at a very high, negligent, and dangerous rate of speed," and that the plaintiff was injured by the defendant "in the negligent running of its cars at said time and place," and that the train at the time of the injury was running about 50 miles an hour.   (Other allegations of the petition appear in the decision in 133 *Ga.* 92 (65 S. E. 155), rendered in this case when it was formerly before this court.)   A verdict was rendered for the defendant in error, and to the order of the court refusing a new trial the plaintiff in error excepted. *Held:*

1. In the absence of a timely written request, it was not error requiring a new trial for the court "to fail to charge the jury upon the use of 'the mortality and annuity tables in the 70th Georgia,' introduced by the plaintiff in evidence."

2. The following charge: "The plaintiff alleges that he was injured by a sudden, violent jerk or lurch of the train, and thrown from it in that way.   Now, gentlemen, in order for him to recover, the evidence in this case must satisfy you that that was the way this injury occurred, for he has alleged it occurred that way," was not subject to the criticism that it was liable to mislead the jury into the belief that the plaintiff was entitled to recover even though the "violent jerk or lurch of the train" was not caused by the negligence of the railroad company; especially in view of the fact that the court in other portions of the charge instructed the jury that the plaintiff was not entitled to recover unless his injury was caused by the negligence of the defendant.

3. The following charge: "The plaintiff's age, habits, strength, sex, vocation, rate of wages earned in the past by his labor, his prospect of obtaining steady and remunerative employment in the future, and the like, in so far as they may be illustrated by the evidence, are all circumstances proper to be taken into account," was not error on the ground that "there was no evidence to show the future prospects of the plaintiff," there being evidence in regard to the age, physical condition, and earning capacity of the plaintiff at the time of the accident, and that he was then an "average" person of his race and "an active, strong man," and "quick about his work."   See, in this connection, *Georgia Pacific Ry. Co.* v. *Freeman*, 83 *Ga.* 583 (10 S. E. 277) ; *Richmond & Danville R. Co.* v. *Allison*, 86 *Ga.* 145, 147, et seq. (12 S. E. 352, 11 L. R. A. 43) ; *Central R. &c. Co.* v. *Passmore*, 90 *Ga.* 203 (15 S. E. 760) ; *Central of Ga. Ry. Co.* v. *Perkerson*, 112 *Ga.* 923, 926, et seq. (38 S. E. 365) .

4. The only grounds of the motion for a new trial, other than the ones dealt with in the preceding notes, were the general grounds that the verdict was contrary to law and evidence, and without evidence to support it.   The evidence was sufficient to uphold the verdict, and the judgment of the court refusing a new trial is

*Affirmed.   All the Justices concur.*

FEBRUARY 24, 1911.

Action for damages. Before Judge Roan. Newton superior court. December 18, 1909.

*Lawton & Cunningham, P. W. Meldrim,* and *J. M. Pace,* for plaintiff in error.

*J. H. Hall* and *Middlebrook, Rogers & Knox,* contra.