### 4876. CITY OF ROME *v.* FORD.

HILL, C. J. 1. In a suit against a municipality to recover damages for personal injuries, where it was alleged and proved that the plaintiff, as a result of the injuries received, was unable to do his accustomed work, and suffered great mental anguish and physical pain, it was not error to admit the following testimony of the plaintiff: "The fact that I have not been able to work and carry on my duties as I was accustomed to do before has worried me." Nor was the following instruction to the jury erroneous: "And I further charge you in this case, that the loss of ability to labor is pain and suffering." In *Powell* v. *Railroad Co.,* 77 *Ga.* 192, 200 (3 S. E. 757), it was held that the loss of ability to labor is pain, and that a physical injury that destroys the power of a human being to labor is one of the most serious injuries that it is possible to inflict. See, also, *City Council of Augusta* v. *Owens,* 111 *Ga.* 464, 479 (36 S. E. 830).

2. Where the allegations of the petition claimed actual damages for the

loss of ability to labor and also the amount of physician's bills, but there was no specific proof as to these items of damages, although there was evidence under which the plaintiff was entitled to recover for mental anguish and physical pain, the following charge was not improper: "As to this mental pain and suffering, the court can give you no particular rule by which you can arrive at that damage, if [the plaintiff] is entitled to recover; that is left to the enlightened consciences of intelligent jurors." There was no material error in the use of the word "intelligent," instead of "impartial." The words, "enlightened consciences of intelligent jurors," are sufficient to include the idea that such jurors must also be impartial. *Central R. Co.* v. *Kelly,* 58 *Ga.* 107, 111; *W. & A. R.* v. *Abbott,* 74 *Ga.* 851, 856; *Southern Bell Tel. Co.* v. *Jordan,* 87 *Ga.* 69, 72 (13 S. E. 202). Nor, under the facts of this case, was the instruction above quoted erroneous because of allegations in the petition that the suit was for the amount of doctor's bills and expense of medicine and for lost time, since these items of damage were not specifically proved, and the only damages proved as claimed were those which were properly included under the allegation of mental pain and suffering. The facts of this case distinguish it from that of *Southern Railway Co.* v. *Davis,* 132 *Ga.* 812 (65 S. E. 131), and cases cited therein.

3. The charge as a whole was a fair, full, and correct presentation of the law applicable to the issues made by the pleadings and the evidence. The verdict is fully supported by the evidence, and no reason is shown for another trial.      *Judgment affirmed.*

DECIDED SEPTEMBER 9, 1913.

Action for damages; from city court of Floyd county—Judge Reece. March 17, 1913.

*Max Meyerhardt,* for plaintiff in error.