28303. POLLARD, receiver, *v.* GAMMON.

DECIDED DECEMBER 5, 1940.

854

*Matthews, Owens & Maddox,* for plaintiff in error.

*Arnold, Gambrell & Arnold, Wright & Willingham,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

Irrespective of whether the evidence is sufficient to authorize a finding that the railroad company had, in respect to an alleged defective coupler, been guilty of a failure to comply with the Federal safety-appliance act, and irrespective of whether the evidence authorized a finding that the defendant had failed to comply with the requirements thereof, the evidence authorized a finding for the plaintiff upon other alleged grounds of negligence.

It is contended by the defendant that the plaintiff was on the car, which had been kicked back and which had failed to couple, in anticipation of the car's not coupling, and for the purpose of taking care of the car in the event it failed to couple on impact. It was alleged by the plaintiff that it was a dark night and that the defendant was negligent in kicking the car upgrade for the purpose of making a coupling with the stationary portion of the train. The jury could have inferred that the plaintiff's injuries, which resulted from his being thrown from the car as a result of its collision with the other part of the train, were the proximate result of the negli-

gence of the defendant in kicking the car upgrade under the circumstances, in anticipation that it might not make the coupling with the portion of the train towards which it was being kicked, and that the car failed to couple as a result of this negligence, and that such negligence of the defendant together with the negligence of the engineer in backing the train, without any signal, or the negligence of the defendant's employee in signalling the engineer to back under the circumstances, were proximate causes of the plaintiff's injuries. It was therefore not error for the court to fail to charge the jury as requested by the defendant, that if the jury should find that the "sole and proximate cause of the injury to plaintiff was the failure of the car on which he was riding to couple on impact," the jury should find for the defendant.

The court charged the jury that if it appeared from the evidence that the car in which the plaintiff was riding failed to couple by impact with the car with which it was supposed to be coupled, and that this was alleged by the plaintiff as negligence of the defendant, and if it further appeared from the evidence that the couplers worked properly a short time thereafter, and that the couplers were shortly thereafter inspected and found to be in good order and without defect, if the jury should find this to be true, then the jury could not find for the plaintiff on account of any negligence alleged as to the failure of the couplers to couple. The charge is excepted to on the ground that the court submitted as an issue of fact to the jury whether the couplers were defective in violation of the safety-appliance act, whereas, as contended by the defendant, it appeared conclusively from the evidence that the couplers were not defective. The defendant also excepted to the failure of the court to charge categorically that it appeared from the evidence that the couplers worked properly "a short time thereafter and the said couplers were shortly thereafter inspected and found to be in good working order and without defect;" and that therefore the jury could not find for the plaintiff on account of the negligence alleged as to the failure of the couplers to couple on impact. While there was no dispute in the evidence that inspectors for the defendant did inspect the couplers on the day after the occurrence complained of, tested them, and found that they coupled on impact, and that they found the couplers in good working condition, it can hardly be said that it was prejudicial to the defendant for the judge to charge

the jury that if they should find that the couplers were in proper condition after the occurrence complained of, there could be no recovery on the ground that the defendant was negligent in maintaining defective couplers, and not to instruct the jury that the couplers, shortly after the occurrence complained of, were inspected and found to be in good working order and without defect, and that there could be no recovery on the ground that the defendant was negligent in maintaining defective couplers. While ordinarily the court should not in a charge to the jury submit as an issue a matter which is undisputed, this is not always necessarily harmful or error demanding a new trial. In this case, under the charge of the court, the jury could not have done otherwise than find, under the undisputed evidence, that the couplers had been inspected immediately after the occurrence complained of and found to be in good condition and not defective. The charge as made and as requested was in other respects favorable to the defendant. The court did not err in charging and in failing to charge as complained of.

The defendant excepts to the failure of the court to give a requested charge that if the plaintiff in the exercise of ordinary care could have stopped the car on which he was riding so as to avoid the collision in which he was injured the jury should find for the defendant. It was held in *L. & N. R. Co.* v. *Hood,* 149 *Ga.* 829 (102 S. E. 521) : "In a suit for personal injuries, brought against a railroad company under the Federal employers' liability act, where it is shown that the railroad company was guilty of negligence having a causal relation to the injury, contributory negligence upon the part of the plaintiff will not be a bar to a recovery, although the injuries could have been avoided by the exercise of ordinary care upon the part of the plaintiff." If this request meant that if the plaintiff was guilty of contributory negligence in causing his injury he could not recover, it was an incorrect statement of the law as applied to cases under the Federal employers' liability act, and the court properly refused to give it in charge. Under that act, notwithstanding the plaintiff's negligence may have been a contributing cause of his injury, he is not barred of recovery if the negligence of the defendant also proximately contributed to the injury. There was evidence from which the jury could have inferred that the defendant was negligent in kicking the car upgrade

on a dark night with the expectation that it would couple on impact with other cars, and that after the failure of this car to couple and afterwards running back downgrade the defendant was negligent in backing its engine and the cars attached toward the other car and causing the collision. If, however, this request meant that if the plaintiff's negligence caused the collision, meaning the sole proximate cause thereof and the consequent injury to the plaintiff, the jury should find for the defendant, the charge would have been an instruction to the jury that if the negligence of the plaintiff was the proximate cause of his injuries he could not recover. The matter contained in the request as thus construed was covered by the general charge given, wherein the court instructed the jury as follows: "If you find . ·. that the plaintiff himself was also guilty of negligence contributing to his injuries, the fact that plaintiff was guilty of negligence would not bar a recovery, but would require you to reduce the damages which you might find in his favor in proportion to the amount of negligence attributable to him. I charge you further in that connection that the plaintiff can not recover if his injuries were caused by his own negligence." This is also true as the court further charged as follows: "If the plaintiff was negligent and his negligence was the sole and proximate cause of the injury there could be no recovery, and you would go no further in your investigation but would find a verdict for the defendant." Besides, the court substantially charged in the language of the request wherein the court stated to the jury that if the plaintiff "could, in the exercise of ordinary care and diligence which I have already charged you, have stopped the car so as to have avoided the collision in which he was injured, [and] should you find that his injury could have been avoided in that way you would be authorized to find a verdict for the defendant." Therefore the court did not err in refusing to give the request to charge.

The court charged the jury that if the plaintiff by the exercise of ordinary care and diligence could have stopped the car on which he was riding and avoided the collision in which he was injured, and the jury should so find, the jury would be "authorized" to find a verdict for the defendant. The defendant excepts to the use of the word "authorized," and insists that the court should have used a mandatory expression such as "required." The defendant insists that under such circumstances the jury would be under a duty to

find a verdict for the defendant rather than authorized to do so. The charge, whether it contained the word "authorized" or a mandatory word such as "required," was, as indicated above in the *Hood* case, supra, an erroneous statement of the law favorable to the defendant. Under the ruling in the *Hood* case it would have been error to charge the jury that if the plaintiff by the exercise of ordinary care could have stopped the car so as to avoid a collision the jury would be either authorized or required to find a verdict for the defendant. Such charge would have omitted from the consideration of the jury other alleged acts of negligence on the part of the defendant which may have contributed to the plaintiff's injury. The charge was not harmful to the defendant.

The charge to the jury that if they should find that the plaintiff was entitled to recover it would be their duty to assess damages as they "see fit," was not error in that it left the jury unbridled and unrestrained to assess damages without reference to any rule, where the judge elsewhere in the charge instructed the jury as to the elements of damages and the measure of damages.

It was not error prejudicial to the defendant for the court to charge the jury that the defendant contended that the plaintiff "in his employment assumed the risk of injury from the train which caused his injuries," on the ground that the defendant's contention was that the plaintiff was an experienced railroad man and thoroughly acquainted with the method of switching cars, and that in getting upon the car which was "kicked" and from which he afterwards fell as the result of a collision he assumed the risk incident to the movement of this car. It is alleged that this charge was error in that the jury was led to believe that the defendant was admitting that the train was the cause of the plaintiff's injuries rather than the movement of the car from which the plaintiff fell. The charge in effect included an instruction that the plaintiff assumed the risk which the defendant contended he assumed, and was more favorable to the defendant than it would have been if it had been rendered as the defendant contends for. This charge was not harmful to the defendant.

After charging that there are certain risks of the employment which the employee assumes, and that the employee assumes the risk of such dangers as are normally necessarily incident to the occupation, whether he is aware of them or not, the court

charged the jury as follows: "A risk of another sort, not naturally incident to the occupation, may arise out of the failure of the employer to exercise due care with respect to providing a safe place of work, or suitable and safe appliances for the work. These the employee is not treated as assuming until he becomes aware of the defect or disrepair, and of the risk arising from it, unless the defect and risk alike are so obvious that any ordinary prudent person under the circumstances would have observed and recognized them." This charge is excepted to as being inapplicable and not adjusted to the pleadings and the evidence, in that, as contended by the defendant, it had reference to appliances required under the safety-appliance act, such as proper automatic couplers, and that since it appeared conclusively from the evidence that there was no violation of the safety-appliance act in this respect and that the couplers were not defective but were proper and in good condition, this charge was error in that it was calculated to cause the jury to believe that they might infer from the evidence that the defendant had failed to provide safe appliances such as properly equipped automatic couplers, and that it authorized the jury to find for the plaintiff on the ground that the defendant was negligent in failing to have the cars equipped with proper automatic couplers. Since the court elsewhere instructed the jury that if they should find from the evidence that the couplers had been inspected immediately after the occurrence complained of and found to be in proper condition there could be no recovery against the defendant on the alleged negligence in failing to have its car equipped with the properly required automatic couplers, etc., and since it appeared from the uncontradicted evidence that the couplers had been inspected and found in proper condition and not defective, the charge excepted to was not error for the reason assigned. The jury must have thoroughly understood from this charge that any question of negligence as respected the couplers was out of the case, and that there could be no recovery on the ground of negligence with reference to the couplers. Therefore the charge above complained of that the employee does not assume the risk until he becomes aware of a defect arising from it, unless the defect and risk are so obvious that an ordinary prudent person under the circumstances would observe and recognize them was not error. See in this connection the "Little-Watchman" case, *Southern Railway Co.* v. *Lunsford,* 57 *Ga. App.* 53, 57 (194 S. E. 602).

The court charged the jury that the plaintiff contended that his injuries are permanent and will prevent him from engaging in his occupation as flagman; that he was thirty-six years of age at the time he received his injuries, and was earning approximately $225 a month, and that if "he is otherwise entitled to recover these would be legitimate items of damage to be considered in making your award, that is the element of pain and suffering, past, present, and future, reduction in his earning capacity and loss from employment." This charge is assigned as error on the ground that the jury was thereby instructed that the plaintiff could recover as an element for pain and suffering the fact that the plaintiff was prevented from engaging in his occupation as a flagman, irrespective of whether or not the plaintiff was able to earn money at some other occupation. A reading of the charge just quoted will reveal that it is not subject to the criticism made. The charge was not error on the ground insisted on.

The jury were authorized to find from the evidence that the plaintiff, as the result of the injury, was impaired in his capacity to do physical labor and to work. As a result thereof he was out of a job for a long while, and at the time of the trial was out of a job, and that after he was injured he performed temporary work for which he received less pay than he had been receiving as a flagman for the defendant at the time of the injury. There was also evidence as to the nature and character of his injuries. His age appeared, and the mortality tables were in evidence. The evidence was therefore sufficient to authorize the jury to find that the plaintiff's earning capacity had, as the result of the injury, been impaired in an ascertainable amount of money as compensation therefor. It was not error for the court to submit this to the jury as an element of damage recoverable.

The jury were authorized to find that the plaintiff, as a result of the defendant's negligence, suffered physical injuries, in that several ribs, an arm, and a wrist were broken, his back, leg, and knee were injured, and that he suffered a diminution in his earning capacity and loss of time from work, that he was thirty-six years of age at the time of the injury, with a life expectancy of thirty years, and that, as a result of the injuries he underwent much pain and suffering. The jury were also authorized to find that the plaintiff had sustained his injuries solely as a result of the negligence of

the defendant, unmixed with any contributory negligence of the plaintiff. It therefore can not be said as a matter of law that the verdict for $6000 was excessive, or that its size indicated that the jury in rendering it was actuated by prejudice or bias.

The evidence authorized the verdict, and no error appears.

*Judgment affirmed. Sutton, J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. In view of the decision of this court in *Western & Atlantic R.* v. *Gentle,* 58 *Ga. App.* 282 (198 S. E. 257), I am of the opinion that the court erred in submitting to the jury the question as to whether the defendant was negligent in that he was using couplers which failed to couple on impact. I also think that the court erred in failing to give the requested charge that, "if you find that the sole and proximate cause of the injury to plaintiff was the failure of the car on which he was riding to couple on impact, you should find in favor of the defendant."