37302. HARRIS *v.* COMBS, by Next Friend.

DECIDED OCTOBER 21, 1958.

*Clement E. Sutton,* for plaintiff in error.

*Walton Hardin, Randall Evans, Jr.,* contra.

FELTON, Chief Judge. ■ Most of the assignments of error are controlled by the law of the case as stated in *Harris* v. *Combs,* 96 *Ga. App.* 638 (101 S. E. 2d 144).

(a) The evidence in the instant case is substantially the same as that in the former case; therefore, the motion for a judgment notwithstanding the verdict is without merit.

(b) The first case held that the plaintiff could not be guilty of negligence; therefore, the court did not err in the second trial in striking those portions of the answer which alleged that the plaintiff was barred by his own negligence and did not err in charging as complained of in special ground 1 of the amended motion for a new trial that the plaintiff, because of his tender years, could not be guilty of negligence.

(c) Had the evidence in the former case shown that the defendant in the exercise of ordinary care could not have seen the plaintiff standing at the rear of the parked automobile or could not have reasonably anticipated that the child would be there but that the plaintiff suddenly and without warning ran into the road, this court would have had to find that a verdict was demanded for the defendant, but since it did not so find, it held that there was sufficient evidence to show that the defendant either saw or in the exercise of ordinary care should have seen or have anticipated his presence, and we are bound by the law

of the case as to that point. The charge complained of in special ground 2 was authorized and the ground is without merit.

■ The court erred in charging as complained of in special ground 3. The court charged that the plaintiff alleged damages due to "a permanent decrease in his capacity to labor and earn money". The court then charged in detail the principles of law governing loss of earning capacity. There was no evidence of loss of earning capacity, so a charge on that principle was not authorized. Loss of capacity to labor by a child of tender years cannot and need not be proved with exactness. In such a case the amount of damages is left to the enlightened conscience of an impartial jury. *Railway Express Agency* v. *Standridge*, 68 *Ga. App.* 836 (24 S. E. 2d 504). Actually, such loss is an element of pain and suffering. *Wall Realty Co.* v. *Leslie*, 54 *Ga. App.* 560 (188 S. E. 600). The court had already correctly charged that the loss of ability to labor was classified as pain and suffering and went on to charge properly on pain and suffering. The judge's charge in toto, therefore, authorized the jury to find damages for loss of ability to labor as a part of pain and suffering and also authorized the jury to find actual damages for loss of earning capacity. The former charge was correct and authorized. The latter was not.

The court did not err in striking certain portions of the defendant's answer and in denying the motion for a judgment notwithstanding the verdict. The court erred in denying the amended motion for a new trial for the reason assigned in division 2 of the opinion.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*